STEAGALL, Justice.
The defendants, John Douglas Dalrymple and Elizabeth Ann Dalrymple, appeal from a judgment determining a boundary line between coterminous landowners.
Louie L. Powell, Fred Powell, Joe Mack Powell, Jr., Shelia Gayle Powell, and Stephen Allen Powell sued the Dalrymples, asking the trial court to locate and mark the true boundary line between two parcels of land owned by the parties. The Dalrym-ples answered, claiming that they owned the property “through prescription, since they and those under whom they hold have been in open, hostile, notorious, exclusive adverse possession for more than 20 years” and claiming that the boundary between the two parcels is a fence that has been in existence for more than 40 years. After an ore tenus trial, the court entered a judgment for the Powells, stating, in pertinent part:
“This is a boundary line dispute between coterminous land owners. The issue to be decided is whether the boundary line is the legal boundary called for in the deeds, which is north of fencing shown on a survey prepared by Smith Surveyors, dated September of 1988, or whether the boundary line is represented by the existing fencing. The Plaintiffs are the record owners of the N ⅝ of the SE ¼, Section 7, and the NW ¼ of the SW Vi, Section 8, all in Township 3 North, Range 22 East, Coffee County, Alabama. The Defendants are the record owners of the S lh of the NE ⅝, Section 7, and the SW ¼ of the NW ⅝, Section 8, Township 3 North, Range 22 East, Coffee County, Alabama.
“The Court has considered all testimony and evidence and renders the following judgment based upon the law and evidence:
“IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:
“1. That the property line between the Plaintiffs’ land and the Defendants’ land is declared to be the survey line shown on the plat prepared by Smith Surveyors, dated September 1988.
“2. That the plat prepared by Smith Surveyors dated September of 1988, introduced into evidence as Plaintiffs’ Exhibit 7 is attached and incorporated herein and made a part of this judgment as if fully set out herein.
“3. That there is in existence a judicial landmark ordered by the Circuit Court of Coffee County, Alabama, on the 26th day of June 1986, in Civil Action No. CV-83-38, which the Court adopts as the east end of the boundary line between the Plaintiffs’ and the Defendants’ lands, as established herein.
“4. That Jerry Smith of Smith Surveyors is hereby appointed to establish the west end of the boundary line between the parties by placing a landmark on the west end of the survey line shown on the survey made a part of this judgment.”
The Dalrymples moved for a new trial, which the trial court denied. The Dalrym-ples appeal.
We affirm, on the authority of Strickland v. Markos, 566 So.2d 229, 231-32 (Ala.1990), wherein this Court stated:
“When evidence is presented ore tenus, the trial court’s findings will not be disturbed on appeal unless they are unsupported by credible evidence or are manifestly unjust_ Moreover, the presumption of correctness is even stronger in adverse possession cases, because in such cases the evidence is generally difficult to weigh from the appellate court’s vantage point.”
(Citations omitted.)
AFFIRMED.
MADDOX, ALMON, ADAMS and INGRAM, JJ., concur.